918 F.2d 186
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Harry E. THOMASON.
 No. 90-1303.
 United States Court of Appeals, Federal Circuit.
 Oct. 10, 1990.
 
 Before RICH, PAULINE NEWMAN, and CLEVENGER, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Thomason appeals from the December 14, 1989 and February 12, 1990 decisions of the Patent and Trademark Office Board of Patent Appeals and Interferences (Board), Appeal No. 88-3832, affirming the rejection of claims 30, 31, 40-45, and 50 in Ser. No. 871,367 as unpatentable under 35 USC 103. We affirm.
 
 OPINION
 
 2
 The parties have effectively narrowed the issues down to a single question: can "pipe 32" in the primary reference (Eaton) be considered a "tank" within the meaning of independent claim 50?
 
 
 3
 We appreciate several differences between what is generally thought of as a "pipe" and what is generally thought of as a tank. First, "pipe" implies a long, narrow object having open ends, while "tank" implies a relatively shorter and wider object which is closed on all sides. Second, as appellant points out, "pipe" implies movement of liquid, while "tank" implies storage of liquid.
 
 
 4
 With these differences in mind, we are nevertheless of the opinion that the "first storage tank" of claim 50 can reasonably be interpreted to encompass "pipe 32" of Eaton.[1] First, we point out that pipe 32 does have end surfaces formed by "reducer elements" 36. Further, whatever the actual dimensions of pipe 32 are, it is still significantly wider than inlet and outlet pipes 66 and 68, and in this regard is "tank-like" relative to pipes 66 and 68.
 
 
 5
 Finally, water either flows through or is stored in pipe 32 under the same conditions as water flows through or is stored in the first tank of applicant's claimed invention. Specifically, if enough solar energy is applied to the water in pipe 32 to heat it above the temperature of the water in tank 12, then water will flow by "thermosyphon" action. On the other hand, if sufficient solar energy is not applied to the water in pipe 32, then the water will not flow but will be stored within the pipe. Thus, we find no merit in appellant's argument that pipe 32 cannot be considered a "tank" because water flows through a pipe and is stored in a tank.
 
 
 6
 With respect to the dependent claims, while appellant in a single paragraph at the end of his brief suggests that these claims were improperly rejected, he presents no specific argument as to why it would not have been obvious to combine the teachings of the various references or why these claims are not rendered obvious by the cited combination of prior art. We see no reason to disturb the analysis of the Board with respect to these claims.
 
 
 
 [1]
 As the solicitor points out, claims are given their broadest reasonable interpretation during prosecution. In re Zeltz, 893 F.2d 319, 321, 13 USPQ2d 1320, 1322 (Fed.Cir.1989)